## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-62197-CIV-ZLOCH/OTAZO-REYES

ALLEN LICHT,

      *Pro se* Plaintiff,

v.

AJENE WATSON, JAMES GIBBS, ERIC L. NOVESHEN,
YISROEL A. BORNSTEIN, ARYEH GOLDSTEIN,
SAMUEL H. EISENBERG, THERESA LEE FREY,
JEFFREY E. STALLER, CURT KRAMER, DAVID E.
PRICE, TOMER TAL, STEVEN KOIFMAN, SCOTT H.
WILDING, MONICA CHUI-TIRU, AJENE WATSON, LLC,
a Florida Limited Liability Company, ENVISION CAPITAL,
LLC, a Florida Limited Liability Company, SCB &
ASSOCIATES, LLC, a New Jersey Limited Liability
Company, THE TRIPOD GROUP, LLC, a Wisconsin
Limited Liability Company, VIRMMAC, LLC, a Michigan
Limited Liability Company, HERITAGE CORPORATE
SERVICES, INC., a Florida Corporation, ASHER
ENTERPRISES, INC., a Delaware Corporation, STOCK
STREET CAPITAL, LLC, a Florida Limited Liability
Company, and SKYLINE CAPITAL INVESTMENTS, INC.,
a Florida Corporation,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on the following Motions to Dismiss (collectively,

"Motions") directed at Plaintiff Allen Licht's ("Plaintiff") First Amended Complaint [D.E. 26]:

    (1)    Defendants Tomer Tal ("Tal") and The Tripod Group, LLC's ("Tripod") Joint

Motion to Dismiss [D.E. 33].[1]

    (2)    Defendants Curt Kramer ("Kramer") and Asher Enterprises, Inc.'s ("Asher") Joint

---

[1] Tal and Tripod's Joint Motion to Dismiss [D.E. 33] incorporates the arguments set forth in Tal's earlier
Motion to Dismiss [D.E. 24] and Tripod's earlier Motion to Dismiss [D.E. 25].

Motion to Dismiss [D.E. 34].

(3)     Defendants Yisroel A. Bornstein ("Bornstein") and SCB & Associates, LLC's ("SCB") Motion to Dismiss [D.E. 38].

(4)     Defendant Aryeh Goldstein ("Goldstein") Motion to Dismiss [D.E. 46].

(5)     Defendants Ajene Watson ("Watson"), Ajene Watson, LLC ("Watson LLC"), James Gibbs ("Gibbs") and Monica Chui-Tiru's ("Chui-Tiru") Joint Motion to Dismiss [D.E. 64].

(6)     Defendant Eric Noveshen's ("Noveshen") Motion to Dismiss [D.E. 81].

(7)     Defendant Jeffrey Staller's ("Staller") Amended Motion to Dismiss [D.E. 93].

(8)     Defendant Samuel Eisenberg's ("Eisenberg") Corrected Motion to Dismiss [D.E. 99].

(9)     Defendant David Price's ("Price") Motion to Dismiss [D.E. 104].

This matter was referred to the undersigned for pretrial proceedings pursuant to Title 28, United States Code, Section 636 by the Honorable William J. Zloch, United States District Judge [D.E. 5]. All of the Motions present the same arguments either explicitly or by adoption of other Motions and are essentially predicated on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Procedure, respectively.[2] The undersigned held a hearing on May 30, 2013 on several of the Motions. Upon a thorough review of the record and consideration of the arguments presented at the May 30th hearing, the undersigned RESPECTFULLY RECOMMENDS that the Motions be GRANTED WITH PREJUDICE as to the federal claims asserted in Counts II

---

[2]   Additionally, Tal and Tripod's Motion [D.E. 33] seeks dismissal for lack of personal jurisdiction and improper venue, based on Rules 12(b)(2) and 12(b)(3), respectively, and Bornstein and SCB's Motion [D.E. 38] seeks dismissal for lack of personal jurisdiction based on Rule 12(b)(2). Contemporaneously with this Report and Recommendation, the undersigned is issuing two separate Report and Recommendations on those portions of D.E. 33 and D.E. 38.

through V for lack of subject matter jurisdiction.  The undersigned further RECOMMENDS that

the Motions be GRANTED WITHOUT PREJUDICE as to the state law claims asserted in

Counts I and VI through XII for lack of supplemental jurisdiction.[3]

## PROCEDURAL AND FACTUAL BACKGROUND

In this action, which was originally filed on November 7, 2012 [D.E. 1], Plaintiff asserts

federal claims for securities violations and violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO") as well as various state law claims [D.E. 26].  In his First Amended

Complaint (hereafter, "Amended Complaint"), Plaintiff alleges that Watson, a resident of New

York, individually and through Watson, LLC, a Florida limited liability corporation, "deployed a

web of individuals, companies, and attorneys throughout the United States" in an alleged scheme

to "pump and dump" the stock of his company, Simulated Environment Concepts ("Simulated"),

a Florida corporation.  Plaintiff asserts the following claims against all of the named Defendants:

| | |
|---|---|
| Count I: | Fraud |
| Count II: | Fraud in Violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. § 240.10b-5 |
| Count III: | Violations of Securities Act of 1933 Sections 5(a) and 5(c)[4] |
| Count IV: | RICO Violations |
| Count V: | Conspiracy to Violate RICO |
| Count VI: | Negligent Misrepresentation |
| Count VII: | Concerted Tortious Action |
| Count VIII: | Conspiracy |
| Count IX: | Unjust Enrichment |
| Count X: | Florida's Deceptive and Unfair Trade Practices Act Violations |
| Count XI: | Defamation |

---

[3]   As discussed at the May 30, 2013 hearing, given Plaintiff's allegations that he and some of the Defendants are Florida residents, there is no diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

[4]   "Section 5 of the Securities Act of 1933 requires that all securities sold in interstate commerce be registered."  Forsberg v. Always Consulting, Inc., No. 06-CV-13488 (CS), 2008 WL 5449003, at *11 (S.D.N.Y. Dec. 31, 2008).  "Section 12 of the Securities Act of 1933 imposes civil liability on any person who offers or sells a security in violation of § 5 of the Securities Act."  Id.  Because there is no private cause of action under Section 5, courts generally construe such claims as arising under Section 12, which does provide a private right of action.  Id.  Therefore, the undersigned will deem Count III to have been brought pursuant to Section 12 of the Securities Act of 1933, 15 U.S.C. § 77e.

Count XII:      Restitution

Id. at 43-59.[5]

Defendants argue that the federal claims asserted in Counts II through V should be dismissed with prejudice for the following reasons:

1.      The securities violations claims set forth in Counts II and III are time barred.

2.      Plaintiff lacks standing to assert Counts II and III because he is not a purchaser or seller of Simulated securities.

3.      Counts IV and V are barred by the Private Securities Litigation Reform Act ("PSLRA") and do not allege actionable damages.

As to the state law claims asserted in Counts I and VI through XII, Defendants ask the Court to decline to exercise supplemental jurisdiction over them once the federal claims have been dismissed, pursuant to 28 U.S.C. § 1367(c)(3).

As more fully explained below, the undersigned concludes that the federal claims should be dismissed with prejudice because: Plaintiff lacks standing as to both Counts II and III; and the RICO claims fail because RICO excludes securities violations as predicate acts.  Further, upon the dismissal of the federal claims, the Court should decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice.[6]

---

[5]  At the May 30th hearing, the undersigned disposed of Defendants' argument that the RICO claims should be dismissed for failure to file a RICO Case Statement, given that S.D. Fla. L.R. 12.1, upon which this contention was predicated, has been repealed and no order has been issued in the case requiring Plaintiff to file such statement.

[6]  Defendant Noveshen has brought a Counterclaim against Plaintiff and other parties, who do not appear to have yet been served [D.E. 114].  Given the foregoing recommendations, the undersigned recommends that Noveshen's Counterclaim be dismissed without prejudice.   Marshall v. Shellcast Corp., 592 F.2d 1369, 1370 (5th Cir. 1979) (a counterclaim cannot survive dismissal of a complaint for lack of jurisdiction).

## STANDARD OF REVIEW

### *1.   Lack of subject matter jurisdiction*

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds."  Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).  "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint."  Id.  When considering such challenges, the court must, as with Rule 12(b)(6) motion, take the complaint's allegations as true."  Id.

### *2.   Failure to state a claim*

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  Harris v. United Auto. Ins. Grp., Inc., 579 F.3d 1227, 1230 (11th Cir. 2009) (citing Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004)).   To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The facts in the complaint must "nudge[] the[] claims across the line from conceivable to plausible."  Id. at 570. The Court must accept alleged facts as true, but it is not required to accept a plaintiff's legal conclusions.  Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009).

## DISCUSSION

### A.  Time bar

#### *a.  Count II*

Count II is a securities fraud claim under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. 240.10b-5.  The statute of limitations applicable to this claim is found at Section 804(b) of the Sarbanes-Oxley Act, which provides:

(b) . . . a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of—

(1) 2 years after the discovery of the facts constituting the violation; or

(2) 5 years after such violation.

28 U.S.C. § 1658(b).  The United States Supreme Court has interpreted the term "discovery" as used in this statute to "encompass[] not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known." Merck & Co. v. Reynolds, 130 S. Ct. 1784, 1796 (2010).

In his Amended Complaint, Plaintiff alleges that on May 25, 2011, Watson, Bornstein, Noveshen and other defendants "orchestrated continuation of massive dumping of the [Simulated] shares, as well as strategy for division of ill-gotten profits."  [D.E. 26 at ¶ 180]. Plaintiff further alleges that, "in October of 2011, [Plaintiff] and other Simulated managers have realized that the Defendants have misrepresented their intentions and had no intent to help the company in obtaining funding or help in management in public relations campaigns." Id. at ¶ 181.  Based on these allegations, Plaintiff actually knew, or by the exercise of reasonable diligence would have known, the facts constituting the alleged securities fraud "pump and dump" scheme by, at the latest, October, 2011.  Applying the Sarbanes-Oxley two-year statute of limitations, Plaintiff had until October, 2013 to bring his securities fraud claim.  Given that Plaintiff commenced this action on November 7, 2012, the securities fraud claim asserted is Count II is not time barred.

### b. Count III

In Count III, which the undersigned deems to have been brought pursuant to Section 12

of the Securities Act of 1933, 15 U.S.C. § 77e, Plaintiff alleges that, during the relevant period, Defendants offered to sell securities in interstate commerce without a valid registration statement or exemption from such registration. [D.E. 26 at ¶ 197]. The Sarbanes-Oxley two-year statute of limitations does not apply to Count III because a claim for failure to register does not require a showing of "fraud, deceit, manipulation or contrivance." See In re Mona Lisa at Celebration, LLC, 410 B.R. 710, 718 (Bankr. M.D. Fla. 2009). Rather, the statute of limitations applicable to Count III is found at 15 U.S.C. § 77m. Id. Section 77m provides that a failure to register action must be brought "within one year after the violation upon which it is based." 15 U.S.C. § 77m.

According to Plaintiff, Defendants engaged in the sale of unregistered securities "during the relevant period." [D.E. 26 at ¶ 197]. Because Plaintiff commenced this action on November 7, 2012, such period had to end no sooner than November 7, 2011 for Count III not to be time barred. Plaintiff has included in his Amended Complaint a chart purportedly showing free-trading Simulated stock issued to and sold by Defendants where the latest issue date is August 11, 2011. Id. at ¶ 169. However, there is no allegation in the pleading as to an exact time period when the alleged sales of unregistered securities took place. Therefore, in an abundance of caution, the undersigned will not make a finding regarding the timeliness of Count III at this juncture.

Based on the foregoing, Defendants are not entitled to dismissal of Count II and III on the basis that they are time barred.

**B. Standing**

In their Motions, Defendants argue that Plaintiff lacks standing to bring the claims asserted in Counts II and III because he is not a purchaser or seller of Simulated securities. Count II is a claim for securities fraud pursuant Section 10(b) of the Securities Exchange Act, 15

U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. § 240.10b-5.  Count III is a claim for sale of unregistered securities pursuant to Section 12 of the Securities Act of 1933, 15 U.S.C. § 77e.  It is well established that "only purchasers and sellers of securities, and those with contracts to purchase and sell securities [are permitted] to bring suit under Rule 10b-5."  Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F. 3d 1276, 1283 (11th Cir. 2007) (citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975)).  It is similarly well established that "buyers—and only buyers—of securities" and "not parties who admittedly are not buyers" are protected by Section 12 of the Securities Act of 1933, 15 U.S.C. § 77e.  Goldblum v. Boyd, 60 F.R.D. 421, 425-26(W.D. La. 1973) (citations omitted).

Nowhere in the Amended Complaint does Plaintiff allege that he is either a purchaser or seller of Simulated securities.  Therefore, Plaintiff lacks standing to bring the claims asserted in Counts II and III and those claims should be dismissed with prejudice.[7]

**C. RICO claims**

In Counts IV and V, Plaintiff alleges substantive violations of RICO and conspiracy to violate RICO.  In their Motions, Defendants argue that Plaintiff's RICO claims, which are predicated on securities violations, are barred by PSLRA and do not allege actionable damages.

Title 18, United States Code, Section 1962 provides in pertinent part:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

---

[7]  Plaintiff has not sought leave to amend his pleading to allege that he is either a purchaser or seller of Simulated securities.  Rather, in a Notice of Filing Supplemental Authority, Plaintiff argues that the undersigned should adopt a "flexible definition of the term seller" that would confer standing upon him as a Simulated "shareholder." [D.E. 109].  Needless to say, Plaintiff's ingenuous argument fails in light of the above-cited legal authorities.

(d) It shall be unlawful for any person to conspire to violate any of the provisions
of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962(c)-(d). "To establish a federal civil RICO violation under § 1962(c), the

plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity." Adams v. Rothstein, No. 11-61688-CIV, 2012 WL

1605098, at *3 (S.D. Fla. May 8, 2012) (citing Edwards v. Prime, Inc., 602 F.3d 1276, 1291-

1292 (11th Cir. 2010)). To establish "racketeering activity" there must be "at least two acts of

racketeering activity." 18 U.S.C. § 1961(5). "An act of racketeering is commonly referred to as

a 'predicate act.'" Edwards, 602 F.3d at 1292.

In 1995, Congress amended RICO by enacting PSLRA, which narrowed the "type of

conduct that can qualify as a predicate act under RICO." Adams, 2012 WL 1605098, at *3

(quoting Eagletech Commc'ns Inc. v. Citigroup, Inc., No. 07–60668–CIV, 2008 WL 3166533, at

*9 (S.D. Fla. June 27, 2008)). This amendment "was intended not only to eliminate securities

fraud as a predicate offense in a civil RICO action, but also to prevent a plaintiff from pleading

other specified offenses as predicate acts under civil RICO if such offenses are based on conduct

that would have been actionable as securities fraud." Eagletech, 2008 WL 3166533, at *9 (citing

H.R. Conf. Rep. No. 104–396 at 47 (1995)).

The predicate acts upon which Plaintiff bases his RICO claims are "fraud in the sale of

the securities." [D.E. 26 at ¶ 205]. Therefore, the RICO claims asserted in Counts IV and V are

barred by PSLRA and should be dismissed with prejudice.[8]

**D. The state law claims**

Although dismissal of Counts II through V upon which federal question jurisdiction was

predicated does not deprive the Court of supplemental jurisdiction over the remaining state law

---

[8] Given this determination, the undersigned need not address Defendants' additional argument that the
RICO claims do not allege actionable damages.

claims, the Court may decline to exercise its supplemental jurisdiction.  <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1352-53 (11th Cir. 1997) (citing 28 U.S.C. 1367(c)).  Title 28, United States Code, Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction pursuant to section 1367(a) if:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The factors to consider in exercising such discretion are "judicial economy, convenience, fairness and comity."  <u>Baggett</u>, 117 F.3d at 1353.  Based on these factors, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Counts I and VI through XII pursuant to 28 U.S.C. § 1367(c)(3) upon dismissal of Counts II through V.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that:

1.   The Motions [D.E. 33, 34, 38, 46, 64, 81, 93, 99, 104] be GRANTED WITH PREJUDICE as to the federal claims asserted in Counts II through V for lack of subject matter jurisdiction and GRANTED WITHOUT PREJUDICE as to the state law claims asserted in Counts I and VI through XII for lack of supplemental jurisdiction.

2.   The Counterclaim asserted by Defendant Noveshen [D.E. 114] be DISMISSED WITHOUT PREJUDICE.

3.   This case be CLOSED and all motions not otherwise disposed of be DENIED AS

MOOT.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable William J. Zloch, United States District Judge.  <u>See</u> Local Magistrate Rule 4(b).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. <u>See</u> <u>Resolution Trust Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at Miami, Florida, this 26th day of July, 2013.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   U.S. District Court Judge William J. Zloch
      Counsel of Record
      Allen Licht, *pro se,*
      1594 Shoreline Way, Hollywood, FL 33019
      Eric L. Noveshen, *pro se,*
      508 Coconut Isle Drive, Fort Lauderdale, FL 33301
      Jeffrey E. Staller, *pro se*
      3040 Canterbury Drive, Boca Raton, FL 33434
      David E. Price, *pro se*
      13520 Oriental Street, Rockville, MD 20853